IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 07-cv-01080-LTB

IN RE:

JOHN PAUL LUCIO and
MINDA VIDAL LUCIO,

      Debtors.


DAVID J. ADAMS,

      Plaintiff-Appellant,

v.

JOHN PAUL LUCIO,

      Defendant-Appellee.
_____

ORDER
_____

Appellant, David J. Adams, appeals an oral order of the United States Bankruptcy Court for the District of Colorado, dated April 25, 2007, dismissing his adversary proceeding (Adv. Pro. No. 05-1348-ABC) on the grounds that Adams had no standing to pursue his claims in this bankruptcy proceeding pursuant to Fed. R. Civ. P. 17 and Fed. R. Bankr. P. 7017. Oral argument would not materially assist in the determination of this motion. After consideration of the record and the parties' briefs, and for the reasons set forth below, I AFFIRM the dismissal.

## I. BACKGROUND:

Debtor, John Paul Lucio, was a shareholder and officer of a home improvement construction business known as Home Improvement Plus, Inc. ("HIP"). HIP filed a voluntary

Chapter 7 proceedings with the United States Bankruptcy Court for the District of Colorado on January 19, 2005. Shortly thereafter, on January 25, 2005, the Debtor filed the underlying Chapter 7 proceeding in which he listed certain debts owed by HIP as his contingent and disputed obligation. On October 12, 2005, another shareholder and officer of HIP, Trudy Ann Thomas, filed voluntary Chapter 7 proceedings (Bankr. Case No. 05-44478-ABC), in which she listed certain of HIP's creditors "for notice" in her bankruptcy proceedings.

Adams filed adversary proceedings against the bankruptcy proceedings for both the Debtor, as is at issue here, and Thomas (Adv. Pro. No. 06-1133-ABC). In both adversary proceedings, Adams alleged that he obtained assignments of claims from subcontractors or suppliers of HIP that had not been fully compensated. Although it is not clear that the parties agree as to the relevant assignments reviewed by the Bankruptcy Court in this case – as the assignments were apparently "amended" during the bankruptcy proceeding – it is apparently undisputed that the subcontractors' assigned their rights against the Debtor to Adams with the understanding that he would pay them 50% of the amount collected. It is also undisputed the Adams did not purchase these claims. Adams, acting *pro se*, contested the discharge of the subcontractors' debts (as his assignors) under 11 U.S.C. § 523(a)(4).

Adams argued that the Debtor and Thomas were personally liable for HIP's failure to pay the subcontractors pursuant to the Colorado Trust Fund Statute (the "CTFS"). C.R.S. § 33-22-127. The CTFS provides that funds disbursed to any contractor in a construction project be held in trust for payment to "subcontractors, laborer or material suppliers, or laborers who have furnished laborers, materials, services, or labor, who have a lien, or may have a lien, against the property. . . ." C.R.S. § 38-22-127(1). Colorado courts have held that the CTFS creates a

fiduciary duty or trust relationship running to those identified in the statute. *See Alexander Co. v. Packard*, 754 P.2d 780, 782 (Colo. App. 1988). Additionally, the CTFS provides that failure to keep disbursed funds in trust amounts to theft and, as such, entitles injured parties to pursue remedies under the civil theft statute, *see* C.R.S. § 18-4-405, including treble damages. The Tenth Circuit has established that a debt owed under the CTFS is not dischargeable in bankruptcy pursuant to the exception for fiduciary fraud or defalcation set forth in 11 U.S.C. § 523(a)(4). *In re Regan*, 477 F.3d 1209, 1211 n. 1 (10th Cir. 2007).

Both the Debtor and Thomas contested Adams' adversary proceedings against them on the basis that he was not the real party in interest in that the assignments of the subcontractors' claims under the CTFS were not valid. This argument was based on rulings made in other adversary proceedings brought by Adams based on the CTFS and his status as the assignee for claims against individual debtors in the construction industry. At least two of those adversary proceedings were dismissed on the basis that Adams was not a proper assignee and, as such he lacked standing. *See e.g. Adams v. Tamminga* (Bankr. Case No. 04-21621-MER, Adv. Pro. No. 04-1797-MER); *Adams v. Pedersen* (Bankr. Case No. 04-23668-HRT, Adv. Pro. No. 04-1854-HRT).

In the adversary proceeding related to Thomas, the Bankruptcy Court took evidence and heard argument related to Adam's status as an assignee. In an oral ruling on April 23, 2007, Bankruptcy Judge A. Bruce Campbell dismissed Adam's adversary proceeding on the basis that Adams was not the real party in interest. Judge Campbell determined that the assignments at issue were not indefeasible in that the subcontractors still had a stake in the action and Adams could not simply walk away from the claims without leaving the subcontractors redress. Judge

Campbell further determined that Adams was acting in a representative capacity and could not prosecute the claims *pro se*.

Two days later, on April 25, 2007, Judge Campbell held a pre-trial status conference related to the adversary proceeding at issue here. Because the parties stipulated that the issues presented were the same as those in the Thomas adversary proceeding, Judge Campbell likewise dismissed this adversary proceeding on the basis that Adams was not the real party in interest. Adams appealed both the dismissal in the Thomas adversary proceeding and the dismissal of the adversary proceeding in this case.

## II. STANDARD OF REVIEW:

In reviewing a Bankruptcy Court's decision, the district court functions as an appellate court and is authorized to affirm, reverse, modify or remand the Bankruptcy Court's ruling. 28 U.S.C. §158(a); Fed. R. Bankr. P. 8013. A Bankruptcy Court's legal conclusions are reviewed *de novo*, and factual findings are reviewed for clear error. *In re Warren*, 512 F.3d 1241, 1248 (10th Cir. 2008); *In re D.E. Frey Group, Inc.,* 2008 WL 630044, 2 (D. Colo. 2008). On mixed questions of law and fact, I apply *de novo* review if the question primarily involves the consideration of legal principles, and I apply the clearly erroneous standard if the question is primarily a factual inquiry. *In re Wes Dor, Inc.*, 996 F.2d 237, 241 (10th Cir.1993).

## III. ANALYSIS

In this case before me, Adams asserts that the Bankruptcy Court erred in dismissing his adversary proceeding on the basis that he is not a real party in interest. Specifically, Adams argues that he is the assignee of a proper contingency-fee assignment for collection of the subcontractors claim, making him a real party in interest to any action concerning the assigned

claim. Therefore, he asserts that the Bankruptcy Court erred in finding that he was not the real party in interest and in finding that he could not pursue the collection of those claims by acting *pro se*. Finally, he maintains that the Bankruptcy Court erred in dismissing the action without allowing time for ratification, joinder or substitution by the subcontractors.

As an initial matter, I note that to the extent Adams is attempting to argue that he had standing to bring this suit because the Colorado Fair Debt Collections Practices Act, C.R.S. §§ 12-14-101, *et seq.*, permits the collection of corporate debts by third-party collectors, such argument is immaterial and misplaced. The provisions of that Act are applicable only to collection of consumer debts. *See* C.R.S. § 12-14-103(6)(b).

The issue here is the validity of the assignments. My colleague, Judge Walker D. Miller, has recently addressed these specific issues and the exact arguments raised here by ruling on Adam's appeal of the dismissal of the related adversary proceeding in the Thomas bankruptcy. I note that Adams specifically acknowledges that the material facts in this case are identical to those in the Thomas adversary proceeding appeal. Moreover, my review of the opening brief filed by Adams in the Thomas adversary proceeding reveals that it raised the precise same errors on appeal, as well as identical legal argument, as raised in this appeal.

In his opinion in the Thomas adversary proceeding appeal, Judge Miller reviewed the issue of "whether the assignments to [Adams] are valid and vest indefeasible title in [him] and, secondarily, whether [Adams] may litigate the assigned claims *pro se*." Judge Miller first reviewed the evidence presented to the Bankruptcy Court in that case – which was the evidentiary basis for the ruling in this case – and concluded that there was "no evidence in the record to

support the Bankruptcy Court's determination that the subcontractors here retained an interest in the claims, beyond their contingent right to payment."

However, after oral arguments and supplemental briefing by the parties on the issue, Judge Miller went on to review the legal question of whether a claim under the CTFS is non-assignable, under Colorado law, for equitable or public policy reasons. After determining that the question appeared to be an issue of first impression, Judge Miller concluded that "the courts of the state of Colorado would hold that claims under the [CTFS] are not assignable on a contingency fee basis for collection purposes." In support of his decision, Judge Miller reviewed Colorado authority that demonstrates that a CTFS claim may be distinguishable from a simple contract debt and, instead, may not be assignable. First, he noted that Colorado law does not allow assignments for matter of personal trust or confidence, or for personal services. *See Roberts v. Holland & Hart*, 857 P.2d 492, 495 (Colo. App. 1993)(ruling that a legal malpractice claim was not assignable)  As such, a wrongful death claim has been ruled to be non-assignable. *Espinosa v. Perez*, 165 P.3d 770 (Colo. App. 2007)(*cert. denied* Aug. 27, 2007)(ruling that at common law "only property claims were assignable because they survived death" and that a statutory wrongful death claim provides a cause of action in favor of a limited class of designated persons who presumably have a "personal and close relationship" with the decedent). Judge Miller also relied number of recent cases from Colorado state and federal courts ruling that statutory claims based on receipt of unwanted faxes are not assignable. *See U.S. Fax Law Center, Inc. v. iHire, Inc.*, 362 F. Supp. 2d 1248 (D. Colo. 2005), *aff'd* 476 F.3d 1112 (10th Cir. 2007); *U.S. Fax Law Center, Inc. v. iHire, Inc.*, 374 F. Supp. 2d 924 (D. Colo. 2005)(ruling that such claims, which designed to protect privacy interests, would not be assignable because they "amount to personal-injury privacy

claims" and, moreover, are not assignable because the statute is penal in nature); *see also McKenna v. Oliver*, 159 P.3d 697, 699-700 (Colo. App. 2006).

Although finding that the assignments in this case "may appear to be in the nature of property assignments," Judge Miller determined that because the CTFS creates a cause of action for specifically identified parties, as well as a statutory fiduciary duty which appears to be personal to those who have provided goods or services to a construction project, an assignment of a CTFS claim is distinguished from the collection of a simple contract debt or accounts receivable. As a result, Judge Miller was "reluctant to conclude that [a] statutorily-created fiduciary duty to the parties actually providing services or material, and who have or could have a lien on the subject property, can be transferred by way of assignment to a third party by virtue of transferring the contract debt." In addition, Judge Miller noted that the assignment of a CTFS claim, which imports the treble damages provision of the civil theft statute, also satisfies several of the criteria of a penal, as opposed to a remedial, statute. *See In re Marriage of Allen*, 724 P.2d 651, 656 (Colo. 1986)(civil theft statute is intended to be punitive, rather than remedial).

Judge Miller also determined that because Adams promised to share the proceeds of his recovery with the assigning subcontractor, he is still acting in a representative capacity to some extent and not exclusively on his own behalf. As a result, Judge Miller found that "[a]s long as the subcontractors are not selling their claim for present consideration but instead are retaining an interest in the proceeds of the claims, [Adams] is acting partially on their behalf in a representative capacity [and . . ] he is arguably taking actions amounting to the practice of law." *See Flora Const. Co. v. Fireman's Fund Ins. Co.*, 307 F.2d 413, 414 (10th Cir. 1962); Colorado Local Bankruptcy Rule 910(c)(providing that "[n]o corporation, partnership, or other unincorporated

organization shall . . . otherwise appear, unless it is represented by an attorney authorized to practice in the United States District Court for the District of Colorado").

Therefore, because Adam's undisputed practice of soliciting assignments of CTFS claims, and his litigating them *pro se,* "runs afoul of several policy interests well founded in Colorado law," Judge Miller concluded that the assignments from the subcontractors were invalid and that Adams was not the real party in interest. In turn, Judge Miller concluded that Adams had no standing to challenge the discharge of the relevant debts in the underlying bankruptcy proceedings, and he thus affirmed the Bankruptcy Court's dismissal of Adam's adversary proceeding against Thomas.

I find that the reasoning and rationale expressed by Judge Miller in the Thomas adversary proceeding – which raises the exact same issues and is based on the same evidentiary underpinnings – to be well-reasoned and persuasive, as well as dispositive. As such, I adopt it here. Therefore, I likewise conclude that Adam's assignments from the subcontractors of their CTFS claims against the Debtor are not valid, under Colorado law, based on various policy considerations. As a result, Adams is not the real party in interest pursuant to Fed. R. Civ. P. 17(a) and Bank Rule 7017, and does not have standing to bring the claims asserted in the adversary proceeding against the Debtor.

Finally, I address Adams' contention – raised in his Opening Brief but not addressed in Reply – that the Bankruptcy Court erred in dismissing his adversary proceeding without allowing time for ratification, joinder or substitution of the subcontractors, as the real parties in interest, pursuant to Fed. R. Civ. P. 17(a). However, Adams failed to request such relief or raise this argument with the Bankruptcy Court despite sufficient notice that his assignments were not

sufficient to provide him with standing to bring such claims. *See generally Lyons v. Jefferson Bank & Trust,* 994 F.2d 716, 718 (10th Cir. 1993); *Dean v. McDow,* 299 B.R. 133, 139 (E.D. Va. 2003)("[f]ailure to raise a non-jurisdictional issue before the bankruptcy court will generally be treated by the district court as a waiver of the right to have the issue heard on appeal").

Accordingly, IT IS ORDERED that the decision of the Bankruptcy Court dismissing this adversary proceeding is AFFIRMED.

Dated:   April   2  , 2008 in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE